UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAIQUAN K. FALLS,

Plaintiff,

-against-

ELIZABETH HASENBEIN; DAVID M. HOOVER; ANREW R. KRASS; LETITIA JAMES; HON. TIMOTHY P. McELDUFF, JR.,

Defendants.

26-CV-2722 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Five Points Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants refused to accept his criminal complaint. Plaintiff also asserts claims under 42 U.S.C. §§ 1981, 1985, and 1986. By order dated June 24, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff brings this action against (1) Elizabeth Hasenbein, who Plaintiff describes as "a secretary for the judges at the Orange County Supreme Court" (ECF 1, at 2); (2) Orange County District Attorney David M. Hoovler; (3) Orange County Assistant District Attorney Andrew R. Krass; (4) New York State Attorney General Letitia James; and (5) Judge Timothy P. McElduff,

Jr. of the Orange County Surrogate Court.[2] Plaintiff sues all defendants in their individual capacities.

The following allegations are drawn from the complaint. In 2024, Plaintiff "attempted to file criminal charges against" Detective Humberto Perez "by drafting a written complaint" against him. (ECF 1, at 5.) Plaintiff accused Perez of committing at least one "felony and/or a misdemeanor." (*Id.*) Plaintiff appears to have mailed the complaint to a judge at the Orange County Supreme Court. He alleges that Hasenbein, a "secretary" for the judges, "rejected" his mail and his complaint was returned to him. (*Id.*) Hasenbein sent Plaintiff a letter explaining that he cannot file criminal charges because he is "a private citizen and an incarcerated individual." (*Id.*) Plaintiff asserts that Hasenbein was "required" to "file" his criminal complaint with Orange County District Attorney Hoovler. (*Id.* at 6.)

Four months later, Plaintiff brought an action against Hasenbein under Article 78 of the New York Civil Practice Law and Rules, in which he alleges that she "abuse[d] [her] discretion" and acted "arbitrarily and capriciously" in refusing to file his criminal complaint. (*Id.*) Plaintiff alleges that "either" Supreme Court Judge David Zuckerman or Defendant Judge McElduff presided over the Article 78 proceeding, and dismissed it due to Plaintiff's failure to properly serve the defendants in a timely manner. (*Id.*)

Sometime between May and July 2025, Plaintiff, for a second time, attempted to file a criminal complaint against Perez by mailing it to the "City of Newburgh Local Criminal Court" with another copy of the complaint mailed to District Attorney Hoovler. (*Id.* at 7.) Hasenbein again refused to accept the complaint, again explaining to Plaintiff that a criminal complaint

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are in the original unless otherwise noted.

cannot be filed by a private citizen. Plaintiff alleges that Hoovler also "refused to file, pursue, initiate and/or commence such criminal action or proceeding[s]" against Perez. (*Id.*)

Plaintiff filed a second Article 78 petition in the Orange County Supreme Court against Hasenbein and Hoovler to compel them to pursue criminal charges against Perez. Plaintiff suggests that Attorney General James represented one of the defendants in that action (*Id.* at 11), and Defendant ADA Krass represented Hasenbein. Judge McElduff dismissed the second Article 78 petition because Plaintiff failed to properly serve all parties. Plaintiff, however, maintains that he did properly serve all parties and that the defendants and their counsel were aware that they had been properly served. (*See id.* at 12-14.)

Plaintiff asserts that Defendants engaged in a "conspiracy" to deny him

> access to the courts, to effectively communicate with the outside world, to petition the government for a redress of grievances and equal protection right to sue, be parties, to give evidence, lawfully enforce his rights and to be entitled to the full and equal benefit of all laws and protections for the security of himself and such individual incarcerated person and private citizen class and to enforce the laws was certainly motivated by discriminatory animus against the identifiable class of incarcerated individual private citizens.[3]

(*Id.* at 15.) He further asserts, without providing factual support, that Hasenbein and Hoovler, "had a meeting of the minds which came together and planned to conceal [Plaintiff's criminal complaint] from the public." (*Id.* at 8.) He maintains that Hasenbein and Hoovler wanted to "protect[] their own government officials from any criminal and/or civil liability, prosecution and conviction." (*Id.* at 9.)

[3] Plaintiff appears to believe that "public" citizens have a right to initiate criminal proceedings, but because he is incarcerated, he is labeled as a "private citizen," and therefore unable to bring criminal charges. (*See id.* at 9.)

Plaintiff seeks money damages and extensive injunctive relief, including “removal from office and disbar[]ment” of all Defendants, institution of criminal charges against Defendants, and requiring all clerks, district attorneys, judges, stenographers, and attorneys in all New York courts “to wear body-worn cameras while court is in session and while mail, legal papers and court files are being handled.” (*Id.* at 17.)

**DISCUSSION**

**A. Judicial Immunity**

The Court dismisses Plaintiff’s claims against Judge McElduff. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, “acts arising out of, or related to, individual cases before the judge are considered judicial in nature.” *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). “Even allegations of bad faith or malice cannot overcome judicial immunity.” *Id.* (citations omitted). This is because, “[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]” *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action “outside” his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken “in absence of jurisdiction.” *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). Generally, however, “the scope of [a] judge’s jurisdiction must be construed broadly where the issue is the immunity of the judge.” *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, Section 1983, as amended in 1996, provides that, “in any action brought against a judicial officer for an act or omission taken in such officer’s judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief

was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Newsome v. Scheininger*, No. 24-CV-5265 (VSB), 2024 WL 4467415, at *4 (S.D.N.Y. Oct. 10, 2024) ("[T]he 1996 Amendments to Section 1983 bar Plaintiff's claims for injunctive relief against [the defendant]. Plaintiff's remedy, if any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive relief from this Court under Section 1983."); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Here, Plaintiff sues Judge McElduff for actions taken in Plaintiff's Article 78 proceedings over which he presided. Because Plaintiff sues Judge McElduff for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, to the extent Plaintiff seeks injunctive and declaratory relief, he alleges no facts suggesting that Judge McElduff violated a declaratory decree, that declaratory relief was unavailable, or that an appeal is unavailable.

The Court therefore dismisses Plaintiff's claims for money damages against Judge McElduff because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."). The Court dismisses Plaintiff's claims against Judge McElduff for injunctive and declaratory relief for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B. Prosecutorial immunity**

Prosecutors, such as District Attorney Hoovler, are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not

investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Moreover, the decision as to whether to bring a prosecution is entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) (holding that prosecutors enjoy absolute immunity from liability under Section 1983 in suits seeking damages for acts carried out in their prosecutorial capacities.); *Doe v. Phillips,* 81 F.3d 1204, 1210 (2d Cir.1996) (same).

Here, Plaintiff's claims for damages against Hoovler are based on actions taken within the scope of his official duties, including his decision not to initiate a prosecution. The Court therefore dismisses Plaintiff's claims for damages against Hoovler because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131,

134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is “intimately associated with the judicial phase of the criminal process”).

**C. Government witness immunity**

Plaintiff sues ADA Krass and Attorney General James based on their representation of government officials in Plaintiff’s Article 78 proceeding. A government attorney is entitled to absolute immunity when functioning as an advocate “in a way that is intimately associated with the judicial process.” *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler*, 424 U.S. at 430). This doctrine of absolute immunity for government attorneys covers “the functions of a government attorney ‘that can fairly be characterized as closely associated with the conduct of litigation or potential litigation’ in civil suits—including the defense of such actions.” *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)); *see, e.g.*, *Harge v. Lewis*, No. 25-CV-5443 (LLS), 2025 WL 1906984, at *5 (S.D.N.Y. July 9, 2025) (holding that government attorney immunity barred claims against assistant attorney general based on actions taken while representing the government in Article 78 proceedings).

Because Plaintiff’s allegations against Krass and James are intimately associated with their duties as government attorneys litigating on behalf of the state and local governments, the Court finds that they have absolute immunity from suit under Section 1983, and dismisses Plaintiff’s claims for damages against them under the doctrine of government attorney immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D. Claims under Section 1983**

**1. Right to file a criminal complaint**

Plaintiff’s primary claim is that Defendants violated his constitutional rights when they did not accept or pursue a criminal complaint that he submitted by mail. However, “it is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint

against another individual." *Price v. Hasly,* 2004 WL 1305744, at *1 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman,* 454 U.S. 83 (1981)); *Linda R.S. v. Richard D.,* 410 U.S. 614 (1973)). Neither a private citizen nor a court can direct prosecuting attorneys to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972); *see Leeke*, 454 U.S. at 87 ("[T]he decision to prosecute is solely within the discretion of the prosecutor."). Because Plaintiff is not a prosecutor, he cannot initiate criminal charges.

Plaintiff appears to believe that only incarcerated individuals are deemed "private citizens" and that it was the fact of his incarceration that prevents him from initiating criminal charges. (*See* ECF 1, at 8, 9.) Plaintiff is mistaken. As the term is used in the case law, private citizens are those individuals who are not acting in the course of their duties as employees or officials of a state or local government. Plaintiff is considered a private citizen not because he is incarcerated; he is a private citizen because he is not a state official. As discussed above, only prosecutors employed by the government can initiate criminal prosecutions.

Plaintiff also suggests that prohibiting him from filing a criminal complaint violates his rights under the First Amendment's petition clause and his right to access the courts. The "First Amendment right to 'petition the government for a redress of grievances' means that an individual has a right to access the courts to redress a constitutional violation." *Mozzochi v. Borden,* 959 F.2d 1174, 1180 (2d Cir.1992) (citing *California Transport v. Trucking Unlimited,* 404 U.S. 508, 513 (1972) and *NAACP v. Button,* 371 U.S. 415, 429-30 (1963)). As discussed above, however, a private citizen has no constitutional right to file a criminal complaint against another person, whether through a filing in a court or by mailing a letter to prosecutors. Plaintiff

therefore has no constitutional right to request that any of the defendants allow him to file a criminal complaint.

The Court therefore dismisses Plaintiff's claims arising from Defendants' refusal to file his criminal complaint against Perez for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Abuse of process**

Plaintiff asserts claims for abuse of process. The Second Circuit has held that claims of abuse of process under Section 1983 are not cognizable when they arise in the context of a civil proceeding. *See Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) ("[S]ection 1983 liability may not be predicated on a claim of malicious abuse of *civil* process[.]" (internal alterations omitted)); *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (same); *Jordan v. NYC Campaign Fin. Bd.*, No. 24-CV-7266 (AMD) (CLP), 2026 WL 482667, at *4 (E.D.N.Y. Feb. 20, 2026) (declining to construe complaint as asserting Section 1983 claim for abuse of civil process because "Section 1983 liability 'may not be predicated on a claim of malicious abuse of . . . *civil* process'" (quoting *Green*, 585 F.3d at 104); *DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 372-73 (E.D.N.Y. 2016) ("The Second Circuit has permitted § 1983 claims predicated on . . . abuse of process in the criminal context, but it has foreclosed § 1983 claims grounded on an abuse of civil process." (citing *Spear*, 954 F.2d at 68)).

Although the complaint is unclear, Plaintiff appears to be asserting abuse of process claims in connection with his Article 78 proceedings. In any event, nothing in the complaint suggests that any abuse of process claim Plaintiff is asserting arises from any criminal proceeding. Because Plaintiff's abuse of process claims arise from his civil Article 78 proceedings, those claims are not cognizable. The Court therefore dismisses Plaintiff's Section

1983 abuse of process claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**3. Retaliation**

Plaintiff asserts claims for retaliation, which arise under the First Amendment. To state a claim for retaliation under the First Amendment, a plaintiff must allege facts suggesting that "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011).

As best the Court can understand, Plaintiff appears to be suggesting that the Defendants refused to accept his criminal complaint or dismissed his Article 78 proceedings in retaliation for Plaintiff attempting to file criminal charges against a police officer. As explained above, however, there is no First Amendment right (or any constitutional right) for a private individual to bring criminal charges against someone. Even if Plaintiff did engage in First Amendment protected activity, he alleges no nonconclusory facts suggesting any causal connection between his seeking criminal charges against Perez and Hasenbein's rejection of his criminal complaint or Judge McElduff's dismissal of his Article 78 petitions. As Plaintiff alleges in the complaint, Hasenbein refused to file his criminal complaint because a private person cannot file a criminal complaint with a judge's secretary (ECF 1, at 5-6), and Judge McElduff dismissed Plaintiff's Article 78 petitions because he found Plaintiff had failed to properly serve the defendants (*id.* at 6, 14). The Court therefore dismisses Plaintiff's First Amendment retaliation claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**4. Section 1983 conspiracy**

Plaintiff attempts to bring claims for conspiracy under Section 1983. To state a claim of conspiracy under Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Vague and unsupported assertions of a claim of conspiracy are insufficient to state a claim upon which relief can be granted. *See*, *e.g*., *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (holding that a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end"); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (affirming dismissal of conspiracy claims where allegations were "unsupported, speculative, and conclusory"). Moreover, a conspiracy claim under Section 1983 requires a plaintiff to state an underlying violation of constitutional rights. *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) ("Because [plaintiff] was unable to establish an underlying violation of his constitutional rights . . . his conspiracy . . . necessarily fail[s] as well."); *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails.").

As explained above, Plaintiff has failed to allege an underlying violation of his constitutional rights. "[I]t follows that he cannot sustain a claim of conspiracy to violate those rights." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000). Even if Plaintiff had adequately alleged a violation of his constitutional rights, his assertions of an agreement between the parties to violate his rights is purely speculative. He alleges no nonconclusory facts suggesting that any of the defendants entered into an agreement to achieve an unlawful end. The

Court therefore dismisses Plaintiff's conspiracy claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. Claims under Section 1981**

In order to establish a claim under 42 U.S.C. § 1981, a plaintiff must allege: (1) that he is a member of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities. *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000).[4] To prevail on a Section 1981 claim, evidence of racially discriminatory intent is required. *See Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004); *Gant ex rel. Gant v. Wallingford Board of Education*, 195 F.3d 134, 139-40 (2d Cir. 1999). Plaintiff alleges no facts whatsoever about race. The complaint is devoid of other facts suggesting that race was a factor in any of the events described in the complaint. Plaintiff therefore does not make out a claim under Section 1981, and this claim is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F. Claims under Sections 1985 and 1986**

Plaintiff also asserts claims of conspiracy under 42 U.S.C. §§ 1985(3) and 1986. To state a claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury

---

[4] Section 1981(a) lists the enumerated activities:

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens . . . .

42 U.S.C. § 1981(a).

to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).

As with conspiracy claims under Section 1983, vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb*, 340 F.3d at 110-11 (internal quotation marks omitted).

Plaintiff fails to state a claim for conspiracy under Section 1985. As discussed above, Plaintiff alleges no specific, nonconclusory facts suggesting that Defendants or anyone else entered into an agreement to deprive Plaintiff of his civil rights. He also fails to set forth any facts suggesting that Defendants' conduct was motivated by their animus on the basis of Plaintiff's race, color, or other protected characteristic,[5] or that it resulted in a denial of his rights. The Court therefore dismisses Plaintiff's claims under Section 1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1986 provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian*, 7 F.3d at 1088 (quoting *Katz v.*

---

[5] "The Second Circuit has recognized that class-based animus within the meaning of section 1985 may include animus based on an individual's race, national origin, religion, or gender." *Turner v. Boyle*, 116 F. Supp.3d 58, 95 n.17 (D. Conn. 2015) (collecting cases).

*Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978)).

Because Plaintiff has failed to state a claim under Section 1985, the Court also dismisses Plaintiff Section 1986 claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**G. Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**H. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because nothing in the complaint suggests that the defects in Plaintiff's complaint could be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for the reasons set forth above. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: September 10, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.